USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/20/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ASO, LLC, *et al.*,

                        Plaintiff,

              -v-

BEN JAMIL, *et al.*,

                     Defendants.

----------------------------------------------------------------------X

25-CV-9770 (NSR)

ORDER TO REMAND

NELSON S. ROMÁN, United States District Judge:

*Pro se* Defendant Ben Jamil ("Defendant Jamil" or "Mr. Jamil") removed this action from the New York Supreme Court, Westchester County, pursuant to 28 U.S.C. § 1441. For the following reasons, the Court remands the action to New York Supreme Court, Westchester County ("Westchester County Supreme Court").

## BACKGROUND[1]

The background of the instant action commenced on July 26, 2023, when ASO, LLC and Afan Sherwani (formerly known as Afan Omar) filed suit against HHS Development Group Limited and Cyber Communications Control Group in the Supreme Court of Westchester County. Plaintiffs asserted two causes of action: (1) breach of contract under New York law, seeking a refund of their deposits, and (2) a request for injunctive relief pursuant to CPLR § 6301. Plaintiffs did not assert any federal claims. Although Mr. Jamil was not named as a defendant, he is the principal of both defendant entities.

Defendants HHS Development Group Limited and Cyber Communications Control Group

---

[1] The Background section of this Order was derived from the Notice of Removal and accompanying exhibits at ECF No. 1 as well as from Plaintiffs' pre-motion letter dated December 9, 2025 concerning their anticipated motion to remand at ECF No. 6.

Inc., both headquartered in White Plains, filed their Answer on November 14, 2023. Following the completion of discovery, Plaintiffs moved for summary judgment. By order dated May 9, 2025, the Westchester County Supreme Court granted Plaintiffs' motion. Judgment in the amount of $431,539.86 was entered on June 4, 2025. Defendants have failed to satisfy the judgment.

The Westchester County Supreme Court initially entered a temporary restraining order and subsequently granted a preliminary injunction on October 23, 2025, barring Defendants and their principal, Mr. Jamil, from disclosing certain information (the "Confidentiality Orders"). On the same date, Plaintiffs, by Order to Show Cause, moved to hold Defendants and their principal in contempt for violations of the Confidentiality Orders. Plaintiffs' contempt motion remains pending before the Westchester Court.

On November 18, 2025, Mr. Jamil filed a Notice of Removal with the U.S. District Court for the Southern District of New York requesting inter alia that this Court "assume full jurisdiction over this matter and stay all state proceedings" and "recognize that the OSC constitutes unlawful intimidation and retaliation against a federal witness." (ECF No. 1.) On December 9, 2025, Plaintiffs ASO, LLC and Afan Omar filed a pre-motion letter in anticipation of their motion to remand this action to Westchester County Supreme Court. (ECF No. 6.) By Order dated December 10, 2025, this Court directed Defendants Ben Jamil, HHS Development Group Limited and Cyber Communications Control Group to respond to Plaintiffs' letter by December 19, 2025. (ECF No. 8.) On December 11, 2025, Defendants requested a 21-day extension of the time to respond. (ECF No. 10.) By Order dated December 15, 2025, this Court denied that request and ordered that Defendants submit responses by December 19, 2025. (ECF No. 11.) On January 7, 2026, Plaintiffs renewed their request to remand this action to Westchester County Supreme Court. (ECF No. 12.) As of January 23, 2026, Defendants had not submitted any response or opposition to Plaintiffs' request that the Court remand this case to Westchester County Supreme Court. On January 28,

2026, this Court directed Mr. Jamil to show cause why this action should not be remanded by February 20, 2026. (ECF No. 13.) On February 18, 2026, Mr. Jamil responded. (ECF No. 14.)

## DISCUSSION

A civil action initially filed in state court may be removed by the defendant to the federal district court embracing the place where the state court action is pending if the district court has original subject matter jurisdiction over the plaintiff's claim. *See* 28 U.S.C. § 1441; *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994). A removing defendant must comply with certain procedural requirements for removal set forth in 28 U.S.C. § 1446, and a federal district court presiding over the removed action may remand that action if those prerequisites are not met. 28 U.S.C. § 1447(c). The removing defendant bears the burden of proof that all jurisdictional and procedural requirements of removal have been met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

It is well settled that only a *defendant* in a state court action may remove that action under 28 U.S.C. §§ 1441 and 1446. *See, e.g.,* 28 U.S.C. § 1446(a) (setting forth procedures for removal by a "defendant or defendants"); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.,* 435 F.3d 127, 132 n. 4 (2d Cir.2006) (only a defendant may remove an action under 28 U.S.C. § 1446); *Franklin Nat'l Bank Sec. Litig. v. Andersen,* 532 F.2d 842, 846 (2d Cir.1976) (same). Further, under 28 U.S.C. § 1446(a)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." In a case involving multiple defendants, "the defendant seeking removal must obtain the consent of all other defendants and document that consent in its moving papers." *Thomas and Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010); *see also Heller v. N.Y.C. Health & Hosps. Corp.*, 2010 WL 481336, at *2 (S.D.N.Y. 2010) (citing cases). A defendant's failure to do so amounts to a procedural defect in the removal process and justifies a remand by the federal court. *Allstate Ins. Co. v. Zhigun*, 03 Civ.

10302, 2004 WL 187147, at \*2–3 (S.D.N.Y. 2004); *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193–94 (S.D.N.Y. 1999) (collecting cases demonstrating "widespread agreement among the district courts, including those in the Second Circuit," regarding the need to obtain the consent of all parties).

Further, pursuant to the Supreme Court decision in *Younger v. Harris*, 401 U.S. 37 (1971), courts in the Second Circuit have repeatedly held that *Younger* abstention prohibits district courts from exercising jurisdiction over cases where there is a parallel criminal action about the same underlying conduct pending against the plaintiff in state court. *See Andujar v. City of New York*, No. 11 CIV. 5466 RJS, 2012 WL 5177515, at \*4 (S.D.N.Y. Oct. 16, 2012) (dismissing the action pursuant to the *Younger* abstention doctrine as plaintiff's state action is ongoing); *Barker v. Suffolk Cnty.*, No. 24-CV-07941 (OEM) (JMW), 2024 WL 4827739, at \*2 (E.D.N.Y. Nov. 18, 2024) (holding that the *Younger* abstention doctrine applies as the federal courts cannot interfere with an ongoing state criminal proceeding); *see also Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

Here, Defendant Jamil has not demonstrated that he was a Party to the action commenced in Westchester County Supreme Court that he removed to federal court nor that the entities who are actually named Defendants in the action, HHS Development Group Limited and Cyber Communications, consented to the removal. On the contrary, Defendant Jamil concedes in his letter that he was not a defendant in the underlying state action and argues that he "was improperly added individually in a quasi-criminal contempt proceeding." (ECF No. 14, p. 1-2.) That argument does not cure the procedural deficiency that Mr. Jamil was not a defendant in the action that he removed to federal court and mischaracterizes the contempt proceeding. Mr. Jamil asserts that the contempt proceedings against in are in bad faith, retaliatory, and constitute malicious prosecution

(*Id.* at p. 4-5.), but Plaintiffs sought to hold the entity Defendants in the underlying state action and their principal (Mr. Jamil) in contempt of court for allegedly releasing copies of the deposition transcripts from the state action to a third party, in violation of the Westchester County Supreme Court's Confidentiality Orders. (*Id.* at p. 4-5.) Further, because Plaintiffs' contempt motion remains pending before the Westchester County Supreme Court, Mr. Jamil has failed to demonstrate that removal would not constitute improper federal court interference with an ongoing state civil proceeding.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED, that, pursuant to 28 U.S.C. § 1447(c), the instant action is remanded back to New York Supreme Court, Westchester County for further proceedings. The Clerk of Court is respectfully directed to remand this matter and to close the case and to mail a copy of this order to pro se Defendant Ben Jamil at the address listed on ECF and to show service on the docket.

Dated: February 20, 2026        SO ORDERED.
   White Plains, New York

                   Nelson S. Roman
             U.S. District Court Judge, S.D.N.Y.